### THOMAS WELLS *v.* JAMES McMASTER.

A copy of a bill of sale, certified by the Register of a county in another State, as made from the records of his office books, in which it was transcribed, on a certificate from the Clerk of the County Court of that county, that it had been proved before him by the two subscribing witnesses thereto, is inadmissible, being but a copy of a copy, and the evidence disclosing the existence of the original, which was not produced.

One claiming under a bill of sale, signed by an attorney in fact of the vendor, must prove the authority of the attorney.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

MARTIN, J. The defendant is appellant from a judgment, by which the plaintiff has recovered from him a slave, with wages, and which decrees, that in case he fails to surrender the slave, he shall pay the value thereof. His counsel has put the case before us on a bill of exceptions, taken to the opinion of the First Judge, admitting in evidence the copy of a bill of sale, by which the plaintiff acquired the slave sued for, notwithstanding the defendant's opposition to his admission, on the ground that it disclosed the existence of the original, which was not produced. The copy was certified by the Register of the County of Davidson, in the State of Tennessee, as taken from the records of his office books. It is very clear, that we have only the copy of a copy, for the Register informs us, that he has taken the copy from the records of his office books. The copy of the bill of sale is followed by a certificate of the Clerk of the County Court, which attests, that the two subscribing witnesses to the bill of sale deposed before him, that they were acquainted with James A. Richardson, attorney in fact of B. Richardson, the plaintiff's vendor, who acknowledged the sale in their presence as his act and deed. On this acknowledgment, the bill of sale was registered. It is clear, that there are two insuperable objections to the admission of this document. The original was proved in the County Court, and, on the certificate of that probate, it was transcribed in the Register's books, from which that officer has given a copy. The original does not appear to be in his possession, and was probably resumed by the plaintiff after

the registry. Another objection is, that there is no evidence of the authority of the signer of the bill of sale, to transfer the title of B. Richardson.

It is, therefore, ordered and decreed, that the judgment be annulled and reversed, and the case remanded for further proceedings, with directions to the Parish Court, not to admit the document excepted to; the plaintiff and appellee paying the costs of this appeal.

*Peyton* and *J. W. Smith*, for the plaintiff.

*Lockett* and *Micou*, for the appellant.